UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Maurice Brockington, # 16198-171, | ) C/A No. 4:13-2549-RMG-TER |
| Plaintiff, | ) ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| G. Livister, Warden Butner Low, LSCI, and BOP, | ) ) ) |
| Defendants. | ) ) |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

At the time of filing this Complaint, Keith Maurice Brockington ("Plaintiff") was incarcerated at FCI-Butner Low in Butner, North Carolina. The Complaint concerns two separate matters: 1) Plaintiff's disagreement with a decision by the medical utilization committee at Butner to deny his request for a "wall implant" for his injured right eye, and 2) his request for monetary compensation for the injury to that same eye, which injury resulted from an attack by a fellow inmate while Plaintiff was incarcerated at a different federal prison: FCI-Edgefield in Edgefield, South Carolina ("the Edgefield incident"). ECF No. 1, Compl.

The allegations about the Edgefield incident were previously before this court in a case filed by Plaintiff in 2010. *Brockington v. Mitchell*, Civil Action No. 4:10-cv-03215-CMC. The defendants named in that case were the Warden at FCI-Edgefield, and a counselor, a member of the medical staff, and a corrections officer all at the same institution. That case ended in March 2012 with the entry of summary judgment for all defendants without prejudice upon a finding that Plaintiff had not completed the required exhaustion of his administrative remedies. The merits of Plaintiff's claims were not considered, but he was informed by this court that he could attempt to exhaust his administrative remedies and then file another case raising the same claims if the exhaustion process did not end to his satisfaction. Plaintiff did not appeal this court's decision in Civil Action No. 4:10-cv-03215-CMC.

After that case concluded, Plaintiff did go back to the Federal Bureau of Prisons ("BOP") administrative remedy process regarding the Edgefield incident, which he alleges he has now completed. ECF No. 1, Compl. 7-9. When this court was first informed of his subsequent efforts to exhaust his administrative remedies through Plaintiff's submission of Motion to Appoint Counsel in the then-closed case, District Judge Currie, without expressing any opinion on the merits of his claims or the completeness of his administrative exhaustion attempts, directed the Clerk of Court to send him a set of forms so that he could file a new case. Civil Action No. 4:10-cv-03215-CMC, ECF No. 64, Order dated Feb. 7, 2013. This Complaint is apparently Plaintiff's attempt to file that new case.

Although the Complaint under review contains allegations about the Edgefield incident and a request for monetary relief for problems allegedly arising from the incident, as previously stated, it contains additional allegations about problems Plaintiff is (or was) having at FCI-Butner Low with

2

his attempts to obtain approval for a wall implant for the injured eye. In this regard, it is Plaintiff's stated position that "[b]ecause this injury was sustained while the BOP was responsible for my safety, I view the refusal of the committee as a denial of care for which the BOP is responsible." ECF No. 1, Compl. 3.

Insofar as the wall implant request is concerned, Plaintiff alleges that when his request was rejected by the Butner medical utilization committee, he submitted an "inmate request cop-out" to Warden Livister, seeking an explanation for the utilization committee's rejection of his request. According to Plaintiff, the Warden did not provide him with a formal response except to tell him to "continue with Administrative Remedy concerning the need for a 'wall implant for [his] right eye.'" *Id.* at 3-5.[1] He states that his subsequent attempts to complete the Administrative Remedy as directed by Defendant Livister were "obstructed" by other officials within the BOP regional and/or national hierarchy when responses to his filings were either late or not provided at all. *Id.* at 9. Accordingly, he contends that, as a result of the alleged obstruction, any current lack of complete administrative exhaustion of either of the issues involved in this case was "no fault of [his] own." *Id.* at 10.

Plaintiff asks this court to order the Butner medical utilization committee to reconsider and approve the requested wall implant "due to BOP responsibility for my well being." *Id.* at 3. He also asks "to be compensated for my pain & suffering from emotional anxiety & stress & all future medical bills, resulting from this incident [the attack that took place at FCI-Edgefield]." *Id.* at 16. The only Defendants named in this Complaint are Warden Livister of FCI-Butner Low and the BOP.

---

[1] These are the only allegations in the Complaint of Warden Livister's personal involvement in Plaintiff's problems with his right eye.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

As an initial matter, Plaintiff's intent regarding the basis for this court's subject matter jurisdiction over the matters raised by his allegations is not clear from the face of the Complaint under review. He does not cite or refer to any federal statute or constitutional provision as the basis

4

for his requests for damages and injunctive relief from the only named Defendants: a federal employee and federal agency. Although he does not name the United States of America as a defendant, he does use "negligence" terminology to describe many of the actions of which he complains, leading the court to question whether a claim under the Federal Torts Claim Act ("FTCA") is intended. *See* 28 U.S.C. § 2671 through § 2680. However, he also uses certain other terminology such as "deliberate indifference," which is commonly used in connection with claims of federal constitutional violations by federal employees or officials raised under the *Bivens* Doctrine to describe some of the actions or inactions of which he complains. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[2]

A large portion of the allegations in the Complaint concern Plaintiff's attempts to exhaust his "administrative remedy" within the Federal Bureau of Prisons as required under 42 U.S.C. § 1997e, which exhaustion process is generally applicable to *Bivens* claims. However, there are no allegations whatsoever showing that he also pursued the very specific requirements for administrative exhaustion of a FTCA action.[3] Accordingly, because of the lack of any reference to

---

[2] In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[3] Because FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements is both mandatory and "jurisdictional and may not be waived." *Henderson v. United States*, 785 F. 2d 121, 123 (4th Cir. 1986); *see also Kielwien v. United States*., 540 F. 2d 676, 679 (4th Cir. 1976). The BOP has adopted a Program Statement (PS) which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. PS 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining and filing a claim form (SF-95).

FTCA exhaustion efforts and because only an individual federal official (Warden Livister) and a federal agency (the BOP), and not the United States of America, are named as Defendants in the Complaint, for purposes of this report it is presumed that Plaintiff's requests for damages and injunctive relief from the named Defendants are made pursuant to the *Bivens* Doctrine. The Complaint under review is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) for the following reasons.

First, to the extent that the BOP is named as a Defendant in this case and that Warden Livister is sued in her official capacity, Plaintiff fails to state claim upon which relief may be granted, regardless of whether the allegations about the denial of requested medical care or about the alleged failure to protect Plaintiff from the attack by his fellow inmate are considered. This is true because it is well settled that the *Bivens* Doctrine does not apply to a federal agency such as the BOP or to a federal official sued in his or her official capacity, but, instead, is applicable only to claims against federal employees or officials in their individual capacities. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *see Cioca v. Rumsfield*, 729 F.3d 505, 510 (4th Cir. 2013)(collecting cases showing limitations on *Bivens* applicability in various contexts); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)(no *Bivens* official capacity" claim available against federal officials).

Second, to the extent that the Complaint is construed as one against Warden Livister, in her individual capacity, no plausible *Bivens* claim is stated by Plaintiff's allegations about his medical care while housed at FCI-Butner Low, located in the state of North Carolina. This is so because this court cannot obtain personal jurisdiction over the only potentially liable Defendant: Warden Livister, a federal official based in the state of North Carolina, in absence of allegations that would call the South Carolina long-arm statute into play. A bedrock requirement in any action under 42 U.S.C. §

1983 or the *Bivens* Doctrine, see supra note 2 (§ 1983 law applies to *Bivens* claims), is that the district court in which a complaint is brought shall have personal jurisdiction over the person of the defendant. Rule 4(e) of the Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States"), by its own title, suggests that persons located outside the geographical boundaries of a given judicial district cannot be brought into that district court. The Rule, however, allows exceptions based on the application of so-called state "long arm" statutes.

Comparison of Plaintiff's allegations about Warden Livister's limited personal involvement with the disputed rejection of his wall implant request with the listing of non-residents' activities that subject them to personal jurisdiction under South Carolina's long-arm statute demonstrates that Livister's response to Plaintiff's "inmate cop-out" is not the type of activity that would subject her to long-arm jurisdiction in this court. *See* S.C. Code Ann. § 36-2-803. Plaintiff's requests for the wall implant and the Warden's response to his request for an explanation of the medical utilization committee's rejection were all made and issued in North Carolina. There are no allegations that connect Warden Livister, personally or otherwise, to the other allegations about the problems that Plaintiff allegedly experienced at FCI-Edgefield, which is a prison within the boundaries of South Carolina. Without any personal involvement in the Edgefield incident, Warden Livister, the warden of an institution in a different state, cannot be sued in this court under the *Bivens* Doctrine for anything that occurred at FCI-Edgefield. It is evident that the state and/or federal courts of North Carolina are the proper places to adjudicate the inmate medical care-related claims raised in this Complaint against this non-resident of South Carolina.

Finally, the remainder of the Complaint, which recounts circumstances surrounding the Edgefield incident, which occurred before Plaintiff was transferred to FCI-Butner Low, should be

summarily dismissed because Plaintiff has not named any person as a defendant who might have liability under *Bivens* for those matters. The law is clear that to assert a plausible § 1983/*Bivens* claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). Even if the "cop-out" that Plaintiff submitted to Livister at FCI-Butner Low contained allegations about the Edgefield incident, that would not be sufficient to subject her to *Bivens* liability for that incident because she was not personally involved in the incident and had no authority to correct or power to control the activities of employees or officials at institutions other than FCI-Butner Low. *See Love-Lane v. Martin*, 355 F.3d 766, 782-83 (4th Cir. 2004)(no respondeat superior liability under § 1983; personal involvement required); *Wright v. Collins*, 766 F.2d 841, (4th Cir. 1985)(same). *Cf. Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013)(failure of supervisor to respond to inmate grievance, without additional personal involvement in grieved situation, not sufficient to establish supervisor's liability under § 1983).

As previously stated, the only two Defendants named in the Complaint under review either cannot be held liable under the *Bivens* Doctrine for any of the matters alleged, or, if otherwise potentially liable for anything under *Bivens*, had no personal involvement in the Edgefield incident. Accordingly, Plaintiff fails to state a plausible *Bivens* claim arising from the alleged failure to protect him from the attack by his fellow inmate at FCI-Edgefield.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v.*

*Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 10, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).