IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KEITH MAURICE BROCKINGTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 4:13-cv-2549-RMG |
| vs. ) | |
| ) | **ORDER** |
| G. LIVISTER, Warden Butner Low LSCI; ) | |
| BOP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 14), recommending that the Complaint be dismissed without prejudice and without service of process. Plaintiff has not filed objections to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full and dismisses this action without prejudice.

### I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note).

Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

The Court has carefully reviewed the Complaint and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. To the extent that Plaintiff seeks to bring an action under the Federal Torts Claim Act for his personal injury, he must first exhaust his administrative remedies[1] and the proper defendant is the United States of America, which is not named in this suit. To the extent that Plaintiff seeks to file a *Bivens* action related to the attack by another inmate and his eye injury, BOP and Warden Livister are not proper defendants. Finally, the proper places to litigate Plaintiff's medical care-

---

[1] Footnote 3 of the R & R points to resources for inmates wishing to file an FTCA claim.

-3-

related claims raised against Warden Livister (a non-resident of South Carolina) are the state or federal courts of North Carolina.

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 14) as the order of this Court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

March 4, 2014
Charleston, South Carolina